# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| KAYLA DAVIS, as next of kin of Tina Davis, Deceased, and as Administratrix of the Estate of Tina Davis,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY POPE, Individually and in his official capacity as Sheriff; LEON GAFF, Individually and in his official capacity as Deputy Sheriff; JOHN DOE, Individually and in his official capacity as Deputy Sheriff; and the COFFEE COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | CV 511-105 |

## ORDER

Presently before the Court is a Motion to Dismiss filed by Defendants Jerry Pope and the Coffee County Sheriff's Department. Dkt. No. 9. For the reasons stated below, Defendants' motion is **GRANTED** and **DENIED in part.**

## BACKGROUND

On September 29, 2011, Plaintiff Kayla Davis ("Plaintiff"), as next of kin of Tina Davis, Deceased, and as Administratrix of

1

the Estate of Tina Davis filed this suit in the State Court of Coffee County against four defendants: Sheriff Jerry Pope ("Pope), Deputy Sheriff Leon Gaff ("Gaff"), Deputy Sheriff John Doe ("Doe"), and the Coffee County Sheriff's Department ("Sheriff's Department"). Pope, Gaff, and Doe are named in their individual and official capacities.

According to the Complaint, on October 9, 2009, Tina Davis ("Davis") was being held at the Coffee County Sheriff's Department's holding facility. Davis was taken from the holding facility by Defendant Gaff and placed, while cuffed, in Gaff's patrol car. Gaff then drove Davis to a bank where Davis signed certain documents. After leaving the bank, Gaff drove Davis to her home. Gaff then sexually assaulted Davis, which ultimately caused Davis's death. Plaintiff asserts that Gaff has a history of violence and brutality towards women, and especially African-American women.

The Complaint contains five counts. Count I asserts a number of state law claims against Gaff, including assault, battery, and false imprisonment. Count II asserts a claim against Gaff for wrongful death. Count III asserts a claim against Pope and Doe for inadequate training, hiring, and supervision. Count IV asserts claims under 42 U.S.C. § 1983. Specifically, Count IV asserts that the Defendants violated Davis's rights under the First, Fourth, Fifth, Eighth, and

AO 72A
(Rev. 8/82)

Fourteenth Amendments to the United States Constitution. Count IV goes on to explain that Pope, his agents, and his employees choose inadequate training programs, were deliberately indifferent to misbehavior by Gaff and other deputies, failed to adequately investigate Gaff before hiring him, and improperly retained Gaff despite his misbehaviors. Count V seeks punitive damages.

Defendants removed the case from the State Court of Coffee County to this Court. Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), seek dismissal of the claims against the Coffee County Sheriff's Department and Defendant Pope in his official capacity. Defendants also seek dismissal of some of the § 1983 constitutional claims.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Where a defendant challenges a complaint for failing to adequately state a claim upon which relief can be granted, the court applies a "two-pronged approach" in analyzing the complaint. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) in resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). First, the court should "eliminate any allegations in the complaint

that are merely legal conclusions." Id. This first prong excludes "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. Second, the court should assume that all well-pleaded factual allegations are true "and then determine whether [those allegations] plausibly give rise to an entitlement to relief." Am. Dental Ass'n, 605 F.3d at 1290. In determining plausibility, the court should "draw on its experience and common sense." Iqbal, 556 U.S. at 679. Moreover, it is proper for the court to infer "'obvious alternative explanation[s]' which suggest lawful conduct rather than the unlawful conduct the plaintiff[s] would ask the court to infer." Am. Dental Ass'n, 605 F.3d at 1290 (quoting Iqbal and relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Ultimately, if the plaintiff has not "nudged their claims across the line from conceivable to plausible, [her] complaint must be dismissed." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

## DISCUSSION

### I. Coffee County Sheriff's Department

Defendants seek dismissal of all claims against the Coffee County Sheriff's Department. Defs.' Mot. Dismiss 7, Dkt. No. 9. Plaintiff claims, "[The Coffee County Sheriff's Department] employees [sic] deputy sheriffs, such as defendant Gaff. Thus, it is an entity. And, as such, it is responsible for the

4

AO 72A
(Rev. 8/82)

actions of its employees." Pl.'s Resp. 4, Dkt. No. 18. Plaintiff goes on to cite several inapposite cases dealing with the ability to sue counties for the conduct of sheriff's deputies. Contrary to Plaintiff's assertions, it is well-settled that sheriff's departments generally are not considered legal entities subject to suit. See, e.g., Lovelace v. Dekalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005); Bunyon v. Burke Cnty., 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003). Accordingly, Plaintiff's claims against the Coffee County Sheriff's Department are dismissed.

## II. Sheriff Pope in his Official Capacity

Defendants also seek dismissal of claims asserted against Pope in his official capacity. Defendants explicitly limit their motion to official-capacity claims, and do not seek dismissal of any claims asserted against Pope in his individual capacity.

### A. Federal Claims against Pope in his Official Capacity

Defendants argue that Pope is entitled to Eleventh Amendment immunity from claims asserted against him in his official capacity. Defendants rely on Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). Manders observed that "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." Manders, 338 F.3d at 1308. Manders recognized that in some

circumstances a Georgia sheriff acts as an arm of the State of Georgia. Specifically, the Manders court held that a Georgia sheriff acts as an arm of the state when establishing a use of force policy in his jail and in training and disciplining his deputies. Id. at 1328. Plaintiff agrees that "Pope is entitled to [Eleventh Amendment] immunity for those claims centered upon policies and administration of operation the [sic] correctional institution as cited in the Manders case by counsel for defendant." Pl.'s Resp. 3. Even under a liberal reading of Plaintiff's complaint, the only claims asserted against Pope in his official capacity are those based on Pope's use-of-force policies or his training and disciplining of his deputies.[1] Therefore, Pope is entitled to Eleventh Amendment immunity on all claims asserted against him in his official capacity, and those claims are due to be dismissed.[2]

---

[1] Further, in order to hold Pope liable in his official capacity, Plaintiff would need to show that any deprivation of Davis's constitutional rights resulted from: "(1) an action taken or policy made by an official responsible for making final policy in that area of the County's business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." Lloyd v. Van Tassell, 318 F. App'x 755, 761 (11th Cir. 2009) (quoting Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994)). Therefore, by conceding that Pope is entitled to Eleventh Amendment immunity for claims associated with his jail operations policies, Plaintiff is conceding that Pope is entitled to Eleventh Amendment immunity on all potential claims asserted against Pope in his official capacity.

[2] It is important to note that Eleventh Amendment immunity does not apply to § 1983 claims asserted against a government official in his individual capacity. Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1576 (11th Cir. 1994). Additionally, Defendants have not sought dismissal of Plaintiff's claims against Pope in his individual capacity. At this point, none of the claims against Pope in his individual capacity have been dismissed.

AO 72A
(Rev. 8/82)

### B. State Claims against Pope in his Official Capacity

Defendants argue that state-law claims against Pope in his official capacity are barred by sovereign immunity. Defs.' Mot. Dismiss 8-9. Under Georgia law, Georgia counties are immune to suits for any cause of action unless sovereign immunity is expressly waived by a constitutional provision or a statute. Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993).[3] Georgia sheriffs sued in their official capacities may raise any defense available to a county, including sovereign immunity. Gilbert v. Richardson, 452 S.E.2d 476, 478 n.4 (Ga. 1994); Crisp Cnty. Sch. Sys. V. Brown, 487 S.E.2d 512, 515 (Ga. Ct. App. 1997). Plaintiff has pointed to no waiver of sovereign immunity for Sheriff Pope.[4] As such, suits based on state law against Pope in his official capacity are barred by sovereign immunity, and the claims are dismissed.

### III. Constitutional Claims

Defendant's motion also seeks dismissal of some of Plaintiff's constitutional claims asserted as § 1983 violations.

---

[3] The Kitchen court held that a county waives its sovereign immunity to the extent that it purchases liability insurance, but the insurance waiver relied on by the Kitchen court has since been withdrawn with regards to counties. Woodard v. Laurens Cnty., 265 Ga. 404 (1995). Sovereign immunity for counties can only be waived by an explicit constitutional provision or legislative act. Id.

[4] Any attempt by Plaintiff to argue that the Georgia Tort Claims Act includes a waiver of sovereign immunity for counties would be unavailing. Counties are not subject to the provisions of the Georgia Tort Claims Act. O.C.G.A. § 50-21-22 (excluding counties from the definition of "State" as that term is used in the GTCA).

7

In Count IV of her Complaint, Plaintiff asserts that Gaff's conduct violated Davis's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Compl. 19. Defendants seek dismissal of Plaintiff's claims based on the First, Fourth, Fifth, and Eighth Amendments, but not the Fourteenth Amendment. Mot. Dismiss. 3-4. Plaintiff concedes that the First and Fourth Amendment claims are due to be dismissed, but asserts that the Fifth and Eighth Amendment claims remain viable. Pl.'s Resp. 2-3.

### A. Fifth Amendment Claims

Defendants seek dismissal of Plaintiff's Fifth Amendment claim on the grounds that the Fifth Amendment can only be violated by the federal government, and none of the Defendants represent the federal government. Plaintiff's response is somewhat befuddling. Plaintiff asserts that state actors can be held liable under § 1983, and therefore Plaintiff's Fifth Amendment claim must not be dismissed. Pl.'s Resp. 2. Presumably, Plaintiff misunderstands Defendants' argument, and the distinction between the state actor requirement under § 1983 and the federal/state distinction under the Fifth and Fourteenth Amendments. Regardless, the Fifth Amendment applies only to federal, not state, acts. See Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997) ("The Fifth Amendment obviously does not apply here – the acts complained of were committed by state

8

AO 72A
(Rev. 8/82)

rather than federal officials."). Because none of the Defendants are in anyway associated with the federal government, Plaintiff's claims under the Fifth Amendment are dismissed.

### B. Eight Amendment Claims

Defendants seek dismissal of Plaintiff's Eighth Amendment claim, arguing that Plaintiff has not alleged that Davis was charged, convicted, or sentenced, for any offense, and therefore is not protected by the Eighth Amendment. Mot. Dismiss 5. Plaintiff agrees with the principle that the Eighth Amendment protects convicted prisoners from excessive force, but concludes, without elaboration, that her Eighth Amendment claim is valid. Pl.'s Resp. 2-3.

"Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted persons." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (quoting Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)). However, "this distinction makes no practical difference because the cases involving convicted prisoners and decided under the Eighth Amendment apply equally to cases involving pretrial detainees." Ellis v. Pierce Cnty., Ga., 415 F. App'x 215, 218 (11th Cir. 2011) (citing Bozeman, 422 F.3d at 1271)). While Defendants are correct that Plaintiff's

9

Complaint - and her Response - lack any indication as to Davis's status a pretrial detainee or a convicted inmate, the Court sees no reason to dismiss her Eighth Amendment claim at this time. In this context, the distinction between a Eighth Amendment claim and Fourteenth Amendment claim is academic, and would be more appropriately resolved at a later time, based on evidence of Davis's status.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. All claims against Sheriff Pope in his official capacity and against the Coffee County Sheriff's Department are **DISMISSED**. Further, Plaintiff's claims under the First, Fourth, and Fifth Amendments are **DISMISSED**. Plaintiff's claims under the Eighth Amendment remains pending, for the time being.

**SO ORDERED**, this 28th day of August, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)